Mr. Danny Belvedresi Mr. Terry Hopson c/o Carol Billings, City Attorney 200 E. 8th Avenue, Suite 203 Pine Bluff, AR 71601
Dear Mr. Belvedresi and Mr. Hopson:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a section of the Arkansas Freedom of Information Act (A.C.A. § 25-19-101 et seq.) (FOIA), concerning the release of certain records.
You indicate that the City of Pine Bluff has received a request for "any records revealing any seminar attended, teaching or giving advice pertaining to dealing with persons of the opposite race" and "any race related teachings or seminars." You state that the custodian of the records has determined that the records that are responsive to this request should be released. You have provided copies of the records for my review. They are your "employee training files," reflecting all training courses and seminars that you have completed.
I am directed by law to issue an opinion as to whether the custodian's determination concerning the release of these records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the custodian's determination that these records should be released is consistent with the FOIA.
Your "employee training files" constitute "personnel records," within the meaning of the FOIA. "Personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
In my opinion, the public's interest in knowing the training received by police officers outweighs any privacy interest the individual officers might have in that information. Moreover, these employee training files do not contain any other information (such as test scores, see, e.g.,
Op. Att'y Gen. No. 2002-161)[1] in which you have a protectable privacy interest. Accordingly, I conclude that the release of these records would not constitute a clearly unwarranted invasion of your personal privacy.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] It is my understanding that the column heading "CRT" on these records indicates whether or not the course was one for which attendees could receive a certificate. It is not related in any way to the attendee's performance in the course.